ESTHER C. WHITE *vs.* MICHAEL CARDARELLI, *C. T.*

MAURICE WHITE *vs.* MICHAEL CARDARELLI, *C. T.*

FEBRUARY 8, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. These are actions of trespass on the case for negligence which were tried together to a jury in the superior court and resulted in a directed verdict for the defendant in each case. Each case is here on the plaintiff's single exception to such ruling.

The plaintiffs are husband and wife. The wife sustained a broken arm as the result of a fall on the sidewalk at the northeast corner of Greene and Westminster streets in the downtown business district of the city of Providence on October 11, 1951. She alleged that her fall was caused by a defect in the sidewalk of which the city had notice, or if it was in the exercise of due care would have had notice. She sued to recover compensation for her injuries and her husband brought his action for expenses incurred and to be

incurred on her behalf as a result of such injuries and for loss of her services.

It appears from the evidence that Mrs. White fell as she was stepping up on the sidewalk. She testified that it happened in this manner: "Well, as I crossed the street I put my left foot up to the curbstone, on the sidewalk, and as I went to move my body to put my right foot on, I felt my heel give way into this hole; it slid, and I went over, and as I went down I landed on my left arm, this way, and the umbrella flew out of my arm." She could not describe the hole with more definiteness, but one of her witnesses, Mrs. Hazel McAlice, saw the hole two days later and described it as follows: "Well, there was a break along the curbing, oh, maybe six or seven inches, and then going out toward the sidewalk there was a crack, and then there was a piece out of it, not too big a piece; oh, something like that." She further testified that the crack was "A couple of inches" deep. She had noticed the hole about a year before plaintiff's accident and had turned her ankle in it. Thereafter in going to and from her place of employment, which was nearby, she said that she took care to avoid the hole and had on several occasions remarked that someone would get hurt there.

The plaintiffs also introduced in evidence some photographs of the sidewalk which had been taken a few days after the accident. These photographs were shown to Mrs. McAlice and she was asked if they fairly represented the condition of that corner a year previous to the accident and she replied that she thought it remained the same. The defendant's main contention was that there was no defect in the sidewalk such as described by Mrs. McAlice and he presented four witnesses whose testimony, if believed, tended to support such contention.

The trial justice was apparently convinced of two things by all the evidence: first, that if there was any defect in the sidewalk it was too trivial to be the basis of a finding of negligence on the part of the city; and secondly, that

there was no evidence that it "knew of that defect or it ought to have known in the exercise of due care."

The plaintiffs contend that the trial justice erred in both of these conclusions. We are of the opinion that their contention is correct. If we view all the evidence most favorably to the plaintiffs, as we must on defendant's motions for directed verdicts, it tends to show although not strongly that there was a hole, or at least some kind of an opening in the sidewalk, six or seven inches long and at one end two inches deep, which caused Mrs. White's fall. There is also some evidence which if viewed in the same light tends to show that such hole was in the sidewalk for a year or more before the accident. In our opinion this was a sufficient length of time to constitute constructive notice to the city.

We cannot agree with defendant that as a matter of law a defect of such dimensions is too trivial to base a claim of negligence thereon. This court has heretofore held that a rectangular indentation one and one-quarter inches higher than the general elevation was not as a matter of law so trivial a defect in the sidewalk "that no danger therefrom ought reasonably to have been anticipated by the town." *Quinn* v. *Stedman*, 50 R. I. 153, 154. In that case the authorities holding a contrary view were discussed at length and expressly rejected as precedents. Except where the defect is extremely trivial, we think that the question whether the size thereof furnishes a reasonable ground for a claim of negligence should be left to the determination of the jury in the light of the evidence rather than to the court as a matter of law. We are of the opinion, therefore, that the trial justice erred in granting the defendant's motion for a directed verdict in each case.

The plaintiff's exception in each case is sustained, and each case is remitted to the superior court for a new trial.

*Isidore Kirshenbaum, Frank J. McGee,* for plaintiffs.

*William E. McCabe,* City Solicitor, *James J. Corrigan,* Ass't City Solicitor, for defendant.