## Jones *v.* Department of Health.

Argued May 9, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert E. Knupp,* with him *Knupp and Knupp,* for plaintiff.

No appearance for defendant.

OPINION BY JUDGE WILKINSON, May 30, 1973:

This strikingly unusual case is before us for argument by direction of this Court. The plaintiff brought this action of mandamus to correct a birth certificate. An action to correct a birth certificate is normally perfectly routine and is brought in the Orphans' Court Division of the Court of Common Pleas in the county where the plaintiff or petitioner resides. The problem presented here is that the plaintiff is a non-resident of Pennsylvania.

Petitioner, according to the complaint, supported by the affidavit of his mother and a marriage certificate, was born an illegitimate child whose mother and putative father were subsequently married and lived together for many years until the death of his father.

Plaintiff has always been known by the name of his father, originally putative, but converted to a legal status by the subsequent marriage. The Vital Statistics Law of 1953, Act of June 29, 1953, P. L. 304, Section 603, 35 P.S. §450.603, provides specifically that under such circumstances, the Department of Health may "prepare an amended certificate of birth on the basis of proof of the new status."

Under the circumstances, this Court has jurisdiction pursuant to Section 401(a)(1) of the Appellate Court

Jurisdiction Act, Act of July 31, 1970, P. L. 673, 17 P.S. §211.401(a) (1), which confers on this Court original jurisdiction under these circumstances.

Accordingly, we enter the following

**ORDER**

Now, May 30, 1973, it appearing that the defendant, consistent with prior practice, has not filed an answer to plaintiff's complaint and that plaintiff has filed a motion for summary judgment, and it being the view of this Court that a hearing should be conducted in all such cases, plaintiff's motion for summary judgment is denied. The defendant is directed to answer the averments of the complaint within twenty (20) days hereof and evidentiary hearing will thereafter be heard on the praecipe of either party.