[Crim. No. 12168. First Dist., Div. One. July 15, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
IRPINE C. JENKINS, Defendant and Appellant.

**1056**

## COUNSEL

Harvey M. Kletz, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, John T. Murphy and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Appellant was tried before a jury and found guilty of voluntary manslaughter (Pen. Code, § 192). The jury also found that he was armed with a deadly weapon at the time of the commission of the offense. Appellant was sentenced to prison for the term prescribed by law.

On this appeal from the judgment it is contended that conclusive evidence of appellant's intoxication would have shown (1) that he was incapable of forming the intent required for a conviction of voluntary manslaughter, and (2) that statements made to the police shortly after the offense was committed were untrustworthy and involuntary. It is also contended that the failure of the trial court to admonish the jury concerning certain remarks made by the prosecutor during closing argument constituted prejudicial error.

Appellant argues that the police had a duty to preserve evidence relating to a diminished capacity by giving appellant a blood test to determine alcohol content, and that the failure of the police to do so resulted in the denial of a fair trial to appellant.

 The rule is clear that in misdemeanor actions the police have no duty to take affirmative action to procure evidence necessary to the defense of the accused. (*Kesler* v. *Department of Motor Vehicles* (1969) 1 Cal.3d 74, 79 [81 Cal.Rptr. 348, 459 P.2d 900], cert. den., 397 U.S. 989 [25 L.Ed.2d 396, 90 S.Ct. 1121]; *In re Koehne* (1960) 54 Cal.2d 757, 759

[8 Cal.Rptr. 435, 356 P.2d 179].) In the absence of any authority to the contrary, and in light of the general principles of advocacy which underlie the criminal process, there is no reason apparent why the same rule should not apply here, even though a felony is involved. Especially is this so under the facts of this case: (1) appellant did not request that a blood test be given, (2) there may have been lacking any indication at the time of his arrest that appellant was intoxicated, and (3) there is no showing that appellant was in any way foreclosed from obtaining a blood test himself. Additionally, appellant was still able to present evidence of his alleged intoxication, and there is no support for the claim that if the blood tests had been given they would have conclusively proved appellant's intoxication. We note further that the present case does not involve the suppression of any evidence in the possession of the police, but instead merely involves the question of whether the police had the duty to obtain such information in order to assist appellant.

■ The record shows that there were no formal objections and requests for admonitions concerning remarks of the prosecutor during closing argument until after the jury had begun its deliberations. Thus, the objections and requests for admonitions were not timely. (See *People* v. *Ney* (1965) 238 Cal.App.2d 785, 790 [48 Cal.Rptr. 265]; Witkin, Cal. Criminal Procedure (1963) Reversible Error, § 748, p. 722.) ■ When objections were made and admonitions requested, the only alleged misconduct complained of related to statements implying the defense had contrived a diminished capacity defense and that defense counsel engaged in a lawyer's trick. To the extent other comments were unobjected to and no admonition was sought regarding them, appellant is foreclosed from raising any claim of misconduct on appeal. (*People* v. *Asta* (1967) 251 Cal.App.2d 64, 87 [59 Cal.Rptr. 206].)

Even considering each example of misconduct alleged, however, we are satisfied that no "misconduct" occurred. The term "misconduct" implies a dishonest act or attempt to persuade the court or jury, by use of deceptive or reprehensible methods. (*People* v. *Asta, supra,* 251 Cal.App. 2d at p. 86.) The prosecutor's comments on appellant's defensive tactics were supported by evidence in the record, some of it provided by appellant himself. (Cf. *People* v. *Bain* (1971) 5 Cal.3d 839, 847 [97 Cal.Rptr. 684, 489 P.2d 564].) ■ Comments concerning appellant's bias and motive for lying were not improper. There was no error in referring to appellant's failure to have mentioned anything to the police about the alleged knife pulled on him by the victim. The comment was not one directed at appellant's failure to testify nor to his failure to deny an accusatory statement made prior to trial. (See *In re Banks* (1971) 4 Cal.3d 337, 351-352 [93 Cal.

Rptr. 591, 482 P.2d 215].) Appellant willingly talked to the police upon his apprehension; his failure to have told them about the knife at the time was ground for comment.

The comments implying the psychiatrist was "paranoid" and defense counsel was "tricky" were probably best left unsaid. Neither individually nor cumulatively, however, did the comments rise to anywhere near the level of the attacks exhibited in *People* v. *Bain, supra,* 5 Cal.3d 839, *People* v. *Modesto* (1963) 59 Cal.2d 722 [31 Cal.Rptr. 225, 382 P.2d 33] (disapproved on other grounds in *People* v. *Morse* (1964) 60 Cal.2d 631, 637, 649 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810]), and *People* v. *Talle* (1952) 111 Cal.App.2d 650 [245 P.2d 633]. Further, to the extent any misconduct occurred with respect to any of the comments objected to, either individually or *in toto,* we are convinced the misconduct was not prejudicial under the facts of this case.

Judgment affirmed.