Gary Kenneth Swartzwelder and Patricia Lou Swartzwelder, his wife, Plaintiffs, *v.* Calvin C. Edmonds, Acting Director of the Division of Vital Statistics, Defendant.

Submitted January 17, 1975, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Moses S. Baturin,* with him *Baturin & Baturin,* for plaintiffs.

*Jeffrey B. Schwartz,* Chief Counsel, with him *Israel Packel,* Attorney General, for defendant.

PER CURIAM OPINION, January 17, 1975:

Notwithstanding our decision in *Jones v. Department of Health*, 8 Pa. Commonwealth Ct. 637, 305 A.2d 54 (1973), narrowly circumscribing our jurisdiction with respect to actions in mandamus brought against the Pennsylvania Department of Health to alter, amend or modify birth certificates, such causes of action continue to be filed in this Court and the Department continues its long standing practice of not answering or otherwise pleading to the complaint, which in turn produces a motion for summary judgment by plaintiff praying that the Court order the requested birth certificate correction.

As in *Jones*, we feel impelled to raise the issue of our jurisdiction so we may again speak to this subject, but unlike *Jones*, we must conclude that the Commonwealth Court is without jurisdiction in this case.

We said in *Jones:*

"The plaintiff brought this action of mandamus to correct a birth certificate. An action to correct a birth certificate is normally perfectly routine and is brought in the Orphans' Court Division of the Court of Common Pleas in the county where the plaintiff or petitioner resides. The problem presented here is that the plaintiff is a non-resident of Pennsylvania.

. . . .

". . . this Court has jurisdiction pursuant to Section 401.(a) (1) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, 17 P.S. §211.401(a) (1), which confers on this Court original jurisdiction under these circumstances."

8 Pa. Commonwealth Ct. at 638-39, 305 A.2d at 55.

In this action, plaintiffs are residents of the Commonwealth and their right to seek judicial review of actions of the Department of Health taken with respect to such applications or to directly seek judicial determination of their entitlement to have a birth certificate altered, amended or modified is found in Section 711 of the Pro-

bate, Estates and Fiduciaries Code, 20 Pa. C. S. §711, which pertinently provides:

> "Except as provided in section 713 of this code (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:
>
> . . . .
>
> "(9) Birth records. Except as provided in section 713 of this code, all proceedings which may be necessary to be presented to a court for determination with regard to issues concerning recordation of birth and birth records or the alteration, amendment or modification of such birth records or the right to obtain a certified copy of the same. Whenever a person is entitled to take an appeal from the action of the Department of Health in connection with any matters concerning birth records the appeal shall be taken to the orphans' court division of the county in which the person is a resident. In all other matters in which a petition is addressed to a court in connection with matters of birth records, the filing of which petition is not in the nature of an appeal but is an original proceeding, shall be filed and determined by the orphans' court division of the county in which the petitioner resides."

These provisions postdate the adoption of the Appellate Court Jurisdiction Act and in our opinion control. If there was a question prior to the adoption of the Probate, Estates and Fiduciaries Code of whether or not the provisions of Section 401(a)(1) of the Appellate Court Jurisdiction Act might also confer concurrent original jurisdiction upon this Court with that of orphans' court division of common pleas court, we believe such a contention is no longer arguable. We view the provisions of the Probate, Estates and Fiduciaries Code to delineate the jurisdiction of the orphans' court division to be exclusive.

The mandatory language of Section 711 (9) of the Code supports this conclusion.

Under ordinary circumstances we would not dismiss this cause of action for want of our jurisdiction, but would order it transferred to the orphans' court division of the court of common pleas of proper venue pursuant to Section 503 (b) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, 17 P.S. §211.503 (b) and Pa. R.C.P. No 1006 (e). Inasmuch as Section 711 of the Probate, Estates and Fiduciaries Code affords a person alternative procedures to seek the alteration, amendment or modification of a birth certificate in proceedings before the orphans' court division of the appropriate court of common pleas, to which alternative procedures the cause of action now before us on motion for summary judgment does not lend itself, we shall dismiss this complaint without prejudice. Plaintiffs here may then elect to petition or to appeal as prescribed by Section 711 (9) of the Probate, Estates and Fiduciaries Code as above set forth.

For the foregoing reasons, we enter the following

ORDER

Now, January 17, 1975, plaintiffs' complaint in mandamus is hereby dismissed for want of jurisdiction. The Chief Clerk is directed to refund to plaintiffs the filing fee paid incident to initiating this action.