Vincent X. Yakowicz, Secretary of Revenue, Commonwealth of Pennsylvania, Plaintiff, *v.* Robert W. Costigan, Register of Wills, Philadelphia County, Pennsylvania, Defendant.

288

Argued December 3, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Arthur M. Cooper,* Assistant Attorney General, with him, *Michael Von Moschzisker,* Deputy Attorney General, and *Israel Packel,* Attorney General, for plaintiff.

*John P. Quinn,* with him *Steinberg, Greenstein, Richman & Price,* for defendant.

OPINION BY JUDGE KRAMER, January 27, 1975:

This case was intended to be filed within the original jurisdiction of this Court, under section 401(2) of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, 17 P.S. §211.401(2). It was commenced by the filing of a complaint on May 15, 1974, by Vincent X. Yakowicz, Secretary of Revenue of the Commonwealth of Pennsylvania (Secretary), against Robert W. Costigan, Register of Wills of Philadelphia County (Register).

Generally the complaint alleges that in violation of sections 2103(6) and 3155(b)(3) of the Probate, Estates and Fiduciaries Code (Code), 20 Pa. C.S. §§2103(6) and 3155(b)(3), the Register had refused to grant letters of administration to named agents nominated by the Secretary, together with named counsel, in the administration of estates in Philadelphia County where a decedent had died without known heirs. The complaint requests that this Court enjoin the Register from engaging in such "illegal and improper practices." On May 28, 1974, the Register filed an answer in which he denied any improper action, and alleged that the Secretary had no authority to appoint persons to administer such estates, but rather that such appointments, under the Code, were within the Register's discretionary power of appointment.

In the spirit of candor, we must note that what is really at issue in this case is patronage. In other words, both parties quite frankly admit that the end result of the administration of any decedent dying without heirs will be exactly the same whether the Secretary or the Register appoints the administrator and counsel, but each of the parties wishes to control who gets the sometimes lucrative appointments.

On May 30, 1974, a hearing was held before the undersigned on the Secretary's Motion for a Preliminary Injunction, after which, based upon the pleadings and evidence produced, the motion was denied. On July 30,

1974, the Secretary filed a Motion for Judgment on the Pleadings under Pa. RCP 1034;[1] and thereafter, on November 6, 1974, the Register filed a Motion for Summary Judgment under Pa. RCP 1035.[2]

The first question we will consider is the question of our jurisdiction over the subject matter. The complaint alleges that this Court has jurisdiction, and the answer admits this allegation. Both parties have argued that this Court has jurisdiction over the subject matter, but the parties cannot create jurisdiction. The Pennsylvania Constitution of 1968 clearly states that this Court, together with all other courts in the Commonwealth, shall "have such jurisdiction as shall be provided by law."[3] We recognize that section 401(2) of ACJA, 17 P.S. §211.401(2), gives this Court jurisdiction over "[a]ll civil actions or proceedings by the Commonwealth or any officer thereof, acting in his official capacity, except proceedings under the Eminent Domain Code"; but the Legislature also

---

1. A motion for judgment on the pleadings is in the nature of a demurrer, in which all of the opposing party's well-pleaded allegations are viewed as true, but only those facts specifically admitted by him may be considered against him. Such a motion may be granted in cases which are so free from doubt that a trial would clearly be a fruitless enterprise. See Karns v. Tony Vitale Fireworks Corporation, 436 Pa. 181, 259 A. 2d 687 (1969); Dussia v. Barger, 10 Pa. Commonwealth Ct. 167, 309 A. 2d 607 (1973).

2. The principal difference between a motion for judgment on the pleadings and a motion for summary judgment is that the latter puts in issue "pleadings, depositions, answers to interrogatories, admissions on file, and supporting affiavits, if any," rather than just the pleadings. Under Pa. RCP 1035 a summary judgment may be granted if there is no genuine issue as to any material facts, and the record, viewed in a light most favorable to the nonmoving party, reveals that the moving party is entitled to judgment as a matter of law. See Commonwealth v. Transamerica Insurance Company, 12 Pa. Commonwealth Ct. 190, 316 A. 2d 85 (1974); cf. Goldman v . McShain, 432 Pa. 61, 247 A. 2d 455 (1968).

3. See Pa. Const. art. V, §2.

clearly has given, in the Code, which was passed subsequent to the ACJA, the various orphans' courts, or orphans' court divisions of common pleas courts, exclusive power over appeals from actions of the Register of Wills. Section 711 of the Code, 20 Pa. C.S. §711 (12), states that the court of common pleas, through its orphans' court division, shall exercise jurisdiction over: "(12) Fiduciaries. The *appointment,* control . . . and discharge of . . . all fiduciaries of estates . . . except that the register shall continue to grant letters testamentary and of administration to personal representatives as heretofore." (Emphasis added.)

Section 901 of the Code, 20 Pa. C.S. §901, states: "Within the county for which he has been elected or appointed, the register shall have jurisdiction of the probate of wills, the *grant of letters to a personal representative,* and any other matter as provided by law." (Emphasis added.)

Section 3151 of the Code, 20 Pa. C.S. §3151, states: "Letters testamentary or of administration on the estate of a decedent domiciled in the Commonwealth at the time of his death shall be granted *only* by the register of the county where the decedent had his last family or principal residence. . . ." (Emphasis added.)

The Commonwealth claims that it is a statutory heir by virtue of section 2103 of the Code, 20 Pa. C.S. §2103, wherein it is provided in pertinent part: "The share of the estate, if any, to which the surviving spouse is not entitled, and the entire estate if there is no surviving spouse, shall descend in the following order:

"(1) Issue. . . .

"(2) Parents. . . .

"(3) Brothers, sisters, or their issue. . . .

"(4) Grandparents. . . .

"(5) Uncles, aunts and their children, and grandchildren. . . .

"(6) *Commonwealth. In default of all persons herein-*

*before described, then to the Commonwealth of Pennsylvania."* (Emphasis added.)

The Secretary then concludes that by virtue of the wording of section 3155(b) of the Code, 20 Pa. C.S. §3155(b), the Register must make the named agent or nominee of the Secretary the administrator of the estate. That section reads in pertinent part: "(b) Letters of Administration - Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:

"(1) Those entitled to the residuary estate under the will.

"(2) The surviving spouse.

"(3) Those entitled under the intestate law as the Register, *in his discretion,* shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class." (Emphasis added.)

The Secretary frankly admits that he has the right to take an appeal from any action of the Register in which the Register refuses to appoint the parties named as administrator and counsel by the Secretary. As a matter of fact, the record in this case indicates that such appeals are pending before the Orphans' Court of Philadelphia County. The Secretary contends, however, that, in spite of this apparently adequate remedy at law, this Court still has jurisdiction because of his allegation that the Register is violating a statute and because equity is necessary to avoid a multiplicity of lawsuits. We conclude that the Secretary's contentions are without merit.

This Court does not have jurisdiction to determine whether the Commonwealth of Pennsylvania is a statutory heir, for that is within the exclusive jurisdiction of the Orphans' Court. We can find no authority for this Court enjoining a register of wills of any county from carrying out his statutory duty to appoint persons to ad-

minister estates of deceased persons. The Code, quoted above, clearly gives the Register of Wills the power and discretion to make such appointments. Any alleged abuse of that discretion must be passed upon by the orphans' courts. We conclude that this Court has no jurisdiction to entertain the complaint filed in this case. Therefore, we must deny both the Secretary's Motion for a Judgment on the Pleadings and the Motion for a Summary Judgment made by the Register. Ordinarily, where this Court concludes that jurisdiction lies in another court, we transfer the matter to that court under the provisions of section 503(b) of the ACJA, 17 P.S. §211.503(b). We believe such a transfer for this case would be inappropriate because it is the Register who has the initial discretionary power of appointment, but we lack authority in law to transfer this case to the Register. White the Register is clothed with judicial powers in a limited area, he is not a court within the meaning of section 503(b), 17 P.S. §211.503(b). Furthermore, as already noted, the very same issues are presently pending in the Orphans' Court of Philadelphia. *Cf. Swartzwelder v. Edmonds,* —— Pa. Commonwealth Ct. ——, 331 A. 2d 224 (1975). Whether the Register may arbitrarily refuse to accept the agents or nominees or counsel recommended by the Secretary is a matter which will have to be determined through the Orphans' Court and, eventually, our Supreme Court. We therefore

## ORDER

AND NOW, this 27th day of January, 1975, the Motion of Vincent X. Yakowicz, Secretary of Revenue of the Commonwealth of Pennsylvania, for Judgment on the Pleadings is denied, and the Motion of Robert W. Costigan, Register of Wills, Philadelphia County, is also denied, and it is ordered that the complaint filed in the above-captioned matter be, and it hereby is, dismissed.