466 A.2d 145

Craig CANTWELL

v.

ALLEGHENY COUNTY, a Municipal Corporation and a Political Sub-Division of the Commonwealth of Pennsylvania, Appellant,

v.

WILKINSBURG BOROUGH, a Municipal Corporation and Swissvale Borough, a Municipal Corporation and Ronald E. Lees.

Craig CANTWELL, Appellant,

v.

ALLEGHENY COUNTY, a Municipal Corporation and a Political Sub-Division of the Commonwealth of Pennsylvania,

v.

WILKINSBURG BOROUGH, a Municipal Corporation and Swissvale Borough, a Municipal Corporation and Ronald E. Lees.

Superior Court of Pennsylvania.

Argued April 26, 1983.

Filed Aug. 26, 1983.

Reargument Denied Oct. 28, 1983.

Petition for Allowance of Appeal Granted Jan. 31, 1984.

256

Allan Joseph Opsitnick, Assistant County Solicitor, Pittsburgh, for Allegheny County, appellant (at No. 155) and appellee (at No. 368).

Paul D. Boas, Pittsburgh, for Cantwell, appellant (at No. 368) and appellee (at No. 155).

Herbert B. Conner, Pittsburgh, for Wilkinsburg, appellee.

Before ROWLEY, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in dismissing their complaints for failure to state a cause of action. We agree and, accordingly, reverse and remand.

In reviewing motions for judgment on the pleadings, the court must treat all well-pleaded allegations of the party opposing the motion as true and draw all inferences favorable to that party. *Goldman v. McShain,* 432 Pa. 61, 247 A.2d 455 (1968). So viewed, the facts are as follows: After a rape on November 13, 1975, Allegheny County's crime lab found semen on brown slacks submitted for testing. The lab refused the Wilkinsburg police' request for blood-typing tests, however, on grounds that such tests were not conducted until the police had a suspect. After a second similar rape on November 21, the lab found semen on clothing samples submitted by the Swissvale police, but conducted no blood-typing tests, and returned the evidence through the police to the victim. On samples submitted after a January 5, 1976 rape, the crime lab incorrectly found no traces of semen. After an April 5 rape, the crime lab found semen but conducted no blood-typing tests. These four were among eight rapes the police and district attorney believed were committed by a single assailant. On April 17, one of the victims identified appellant Cantwell as the assailant. The Wilkinsburg police informed the crime lab they had a suspect and requested blood-typing tests, but the lab refused, stating the samples were now too old. Appellant was arrested, charged with all eight rapes, and jailed, in lieu of $105,000 bail, for five months pending trial. In late August, before trial, the lab refused another request for blood-typing tests. During appellant's jury trial on September 14, 1976, a crime-lab employee admitted on cross-examination that blood-typing tests could still be performed on the samples. The tests were performed and conclusively established that appellant's blood-type differed from the assailant's. Consequently, on September 21, 1976, all charges were dropped and appellant was released from prison.

Appellant commenced an action in trespass against Allegheny County on August 4, 1977, alleging that the crime lab was negligent in not promptly conducting the blood-type tests, in refusing the police requests for such tests, in surrendering custody of evidence, and in otherwise failing to exercise reasonable care in its investigatory role. Allegheny County complained against Wilkinsburg and Swissvale as additional defendants, alleging that their police departments negligently failed to cooperate with the crime lab. All defendants moved for and were granted judgment on the pleadings, prompting these appeals by Cantwell and Allegheny County.

Appellant Cantwell contends that the lower court erred in concluding that the crime lab owed him, a potential suspect, no duty of reasonable care in investigation. We find that the lab did owe a duty. One who undertakes to render services to another is liable to third persons physically harmed by negligence in that undertaking, if he "should recognize the services as necessary for the protection of a third person," and if the failure to exercise reasonable care either "increases the risk of such harm" to the third person, or "is suffered because of the reliance of the other ... upon the undertaking." Restatement (Second) of Torts, § 324A; *Printed Terry Finishing Co. v. City of Lebanon*, 247 Pa.Superior Ct. 277, 372 A.2d 460 (1977). Arrest and imprisonment, with their consequent detainment, confinement, and deprivation of liberty, constitute physical, rather than purely psychological, harms. *See Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979); *Gagliardi v. Lynn*, 446 Pa. 144, 285 A.2d 109 (1971). Investigative services in aid of prosecution are necessary not only to protect the public's and victim's interest in bringing the offender to justice, but also to protect the accused's or potential suspect's rights against false charges. *Commonwealth v. Blagman*, 458 Pa. 431, 433, 326 A.2d 296, 298 (1974) ("The police have an absolute duty to both the public and the accused to investigate the circumstances of a crime ... to ascertain the accused's possible connection with the alleged offense."). Police' or

prosecutor's failure affirmatively to investigate potentially exculpatory evidence will not offend due process, especially where the evidence is known to the defendant and alternate proof is accessible. *People v. Jenkins*, 40 Cal.App.3d 1054, 115 Cal.Rptr. 622 (1974) (no blood-alcohol test that might have negated intent); *Harris v. People*, 174 Colo. 483, 484 P.2d 1223 (1971) (no test whether appellant's knife contained human or animal blood); *State v. Kelly*, 110 Ariz. 196, 516 P.2d 569 (1973) (no investigation whether appellant's face was scratched otherwise than during rape struggle). However, investigation and custody of evidence lack the discretionary character of initiating or presenting a case, and thus may be actionable if conducted in negligent disregard of the suspect's or accused's rights. *McSurely v. McLellan*, 697 F.2d 309 (D.C.Cir.1982). Although individual officials enjoy a "conditional immunity" against such actions to forestall undue timidity in *discharging duties, id.; DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978); *see Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (to be actionable against individual official, negligent conduct must violate "clearly established rights . . . of which a reasonable person should have known,"); *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), our courts, during the time relevant to this action, and in counter-balance to this immunity, imposed ordinary tort liability on governmental units for whom such officials acted. *Muntan v. City of Monongahela*, 45 Pa. Commonwealth Ct. 23, 406 A.2d 811 (1979). *See* 42 Pa.C.S.A. § 8501 *et seq.* (reinstating local government immunity, with exceptions, for actions arising after January 25, 1979); *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973) (abolishing local government immunity).

■ Applying these principles, we are satisfied the complaints stated causes of action. The alleged facts, if proven, would adequately support a finding that the crime lab's failure to conduct the blood-type tests or to inform the police of their availability, both directly and through the

foreseeable reliance of the police, increased the risk of appellant's unjustified imprisonment. Similarly, the police, having undertaken to use the crime lab's services, could be found liable for negligently failing to cooperate with the lab. No status-based immunities protect the local government agencies in this case. Accordingly, we reverse the judgment on the pleadings as to Allegheny County, Wilkinsburg, and Swissvale,* and remand for further proceedings. Jurisdiction is not retained.

Reversed and remanded. Jurisdiction is not retained.

ROWLEY, J., concurs in the result.

POPOVICH, J., notes his dissent.

---

* Because Swissvale has not appealed the judgment on the pleadings in favor of police chief Randall Lees, whom Swissvale alleged was personally liable for any negligence on its part, we do not address or disturb the judgment in his favor.