473 A.2d 636

**Ruth HARRISON**

v.

**AETNA LIFE AND CASUALTY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 22, 1983.

Filed March 23, 1984.

R. Burke McLemore, Jr., Harrisburg, for appellant.

James Edgar Carlson, District Attorney, Wellsboro, for appellee.

Gary A. Wolensky, Philadelphia, for participating party.

Before MONTEMURO, WATKINS and CERCONE, JJ.

MONTEMURO, Judge:

This matter is before the court on the appeal of Aetna Life and Casualty (hereinafter "Aetna") from a final decree in a declaratory judgment action. Appellee, Ruth Harrison, commenced the declaratory judgment action to determine whether Aetna, under a contract of insurance, had a duty to defend her in a negligence action.

The lower court determined that: (1) the broker who had procured the policy was acting as an agent of Aetna, and (2) even though a clear and unambiguous exclusion to coverage existed in the policy, under *Hionis v. Northern Mutual Insurance Co.*, 230 Pa.Super. 511, 327 A.2d 363 (1974); the exclusion had no applicability because Aetna did not prove that the insured (Harrison) was aware of the exclusion and its effects. The lower court found, therefore, that Aetna had a duty to defend Harrison in the negligence action.

Our supreme court has recently rejected *Hionis. Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983, by Roberts, C.J.).

There being no bar to the applicability of the exclusion, coverage did not exist and Aetna had no obligation to defend.[1]

Accordingly, we reverse the final decree of the lower court and remand for modification in conformity with this opinion. Jurisdiction is not retained.

---

1. In view of the dispositive *Hionis* issue, we need not address the issue of whether the broker acted as an agent of Aetna.