486 A.2d 512

**John TONKOVIC, III**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1984.

Filed Dec. 21, 1984.

Petition for Allowance of Appeal Granted Jan. 16, 1985.

124

Richard H. Wix, Harrisburg, for appellant.

R.C. Angino, Harrisburg, for appellee.

Before WICKERSHAM, WIEAND and HESTER, JJ.

HESTER, Judge:

In *Standard Venetian Blind v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983), the Supreme Court held that an insured cannot avoid the application of clear and unambiguous policy limitations contained in an insurance contract by alleging an unawareness of the exclusion and its effect. In the case at bar, appellant contends that the retroactive application of *Standard Venetian Blind* warrants a grant of a judgment n.o.v. or a new trial. For the reasons that follow, we hereby reverse and remand for a new trial.

It is undisputed that appellee applied for a policy providing disability insurance coverage offered by appellant on July of 1979. The policy which was ultimately issued excluded coverage of any injuries which were also compensable under a plan of Workmen's Compensation. Appellee was injured on the job on October 15, 1979, and received Workmen's Compensation benefits. In accordance with the

exclusion for coverage under the terms of the disability insurance policy, appellant denied appellee's application for disability benefits.

Appellee subsequently instituted an action in assumpsit to recover benefits claimed pursuant to his policy. Following a jury trial, the verdict was returned in favor of appellee. Appellant filed a timely motion for judgment n.o.v. and a motion for a new trial, which were denied by Order of Court dated September 20, 1983. This appeal ensued.

Based upon the concededly clear and unambiguous language of the exclusionary clause, appellant argues that its motion for judgment n.o.v. should be granted in light of the Supreme Court's decision in *Standard Venetian Blind Co.* Alternatively, appellant submits that a new trial is warranted so that the jury can be charged with a correct instruction of the law as enunciated in that case.

Prior to the pronouncement of *Standard Venetian Blind,* the prevailing rule of law concerning the enforceability of exclusionary provisions in insurance policies was found in *Hionis v. Northern Mutual Insurance Co.,* 230 Pa.Super. 511, 327 A.2d 363 (1974). Therein, we held that it was the insurer's burden to show that the insured was made aware of and understood an exclusion which the insurance company sought to enforce. The Supreme Court refused to adopt this rule, explaining:

> [w]e hold only that where, as here, the policy limitation relied upon by the insurers to deny coverage is clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof that he failed to read the limitation or that he did not understand it.

*Standard Venetian Blind v. American Empire Insurance Co., supra,* 503 Pa. at 307, 469 A.2d at 567. However, this opinion was handed down on December 30, 1983, eleven months after the proceedings took place in the instant case. Consequently, the trial court, although apprised of the fact

that this issue was pending before the Supreme Court, charged the jury pursuant to *Hionis*.

██ Initially, we note that *Standard Venetian Blind* unquestionably requires retroactive application. *See Haegele v. Pennsylvania General Ins. Co.*, 330 Pa.Super. 481, 479 A.2d 1005 (1984); *Votedian v. General Accident Fire & Life Assurance Corp.*, 330 Pa.Super. 13, 478 A.2d 1324 (1984); *Harrison v. Aetna Life & Casualty*, 326 Pa.Super. 116, 473 A.2d 636 (1984). To remove the burden of proving the insured's awareness of the exclusion would, in fact, change the burden of proof substantially. Appellant would only have to prove that appellee received a copy of his policy containing the clear and unambiguous exclusionary language in order to prevail.

However, in the case presently before us, appellee argued that he never received a copy of his policy and presented substantial evidence to that effect. Appellant's agent testified that he delivered a copy of the amended contract to appellee's home on Potato Valley Road on August 23, 1979, and introduced a receipt signed by appellee on that date. However, appellant and his wife contradicted that evidence by testifying that they did not purchase that home or live in it until mid-September of 1979. Further, although appellee identified the signature as his own, he denied any recollection of signing the receipt or receiving a copy of that policy at that or any other time. Thus, appellee averred that he was never presented with the variation between the coverage for which he applied and that which was issued containing the exclusion.

██ In reviewing the denial of a motion for judgment n.o.v., we will reverse the lower court only when we find "an abuse of discretion or an error of law which controlled the outcome of the case." *McDevitt v. Terminal Warehouse Co.*, 304 Pa.Super. 438, 442, 450 A.2d 991, 993 (1982). The trial judge must accept as true all facts and proper inferences which tend to support the verdict winner, and reject all testimony and inferences to the contrary. *Timbrook v. Foremost Ins. Co.*, 324 Pa.Super. 384, 387, 471

A.2d 891, 892 (1984). When no two reasonable minds can differ that, as a matter of law, the petitioner has failed to sustain his burden of proof, the motion must be granted. *Thomas v. Allegheny & Eastern Coal Co.*, 309 Pa.Super. 333, 455 A.2d 637 (1982). "A judgment n.o.v. is an extreme remedy and should be entered only in a clear case after the evidence has been evaluated in the light most favorable to the verdict winner." *Beechwoods Flying Service Ins. v. Al Hamilton Contracting Corp.*, 317 Pa.Super. 513, 517, 464 A.2d 440, 442 (1983), aff'd. 504 Pa. 618, 470 A.2d 350 (1984). Likewise, the decision to grant or deny a motion for a new trial is within the discretion of the trial judge, and should only be reversed for an abuse of discretion. *Id. See also Buck v. Scott Township*, 325 Pa.Super. 148, 472 A.2d 691 (1984).

■ In this instance, we are constrained to remand for a new trial. Unfortunately, in the charge to the jury, the trial judge failed to clarify the two discrete issues raised herein, that is, whether appellee received a copy of the policy, and whether appellant proved that appellee was made aware of, and understood, the exclusionary language. The lower court merged these issues into the following question for the jury's consideration:

> Was this policy which was completed by the State Farm Insurance Company was it then presented to Mr. Tonkovic, and was he, in this particular case, made aware, and did he understand that if he had workmen's compensation then he was excluded from the disability benefits provided for in this policy.

It simply cannot be discerned from the general verdict in favor of appellee whether the jury determined that appellee never received the policy in question, or whether it held that appellant failed to sustain its burden of proof.

■ Consequently, we remand for a new trial. In cases such as this, where multiple issues are presented, the jury should be instructed to return specific findings on the issues involved. Of course, this time the jury must also be

instructed pursuant to the law as enunciated in *Standard Venetian Blind, supra.*

Reversed and remanded for new trial. Jurisdiction is not retained.

WICKERSHAM, J., filed a dissenting statement.

WICKERSHAM, Judge, dissenting:

I would affirm.