488 A.2d 341

**Mary SHORT, Appellant,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Aug. 7, 1984.

Filed Feb. 15, 1985.

Charles A. Buechel, Jr., Pittsburgh, for appellant.

William F. Giarla, Pittsburgh, for appellee.

Before BROSKY, WATKINS and HESTER, JJ.

HESTER, Judge:

Appellant sought to recover double indemnity benefits from appellee, Metropolitan Life Insurance Company. The non-jury verdict denied appellant recovery.

The lower court en banc dismissed appellant's exceptions. This appeal followed.

Appellant's husband was an employee of General Motors Corporation at the time of his death. The decedent was covered by a group life insurance and accidental death policy through his employer. Appellant was the named beneficiary. The relevant double indemnity clause is as follows:

"If, while insured for Extra Accident Insurance under Group Policy No. 14000–G, the Employee sustains bodily injuries caused solely through violent, external and accidental means, and within one year therafter shall have

suffered loss of life, or within 2 years shall have suffered any other loss as specified in the Schedule of Losses of this Section A, as a direct result of such bodily injuries independently of all other causes, the Insurance Company shall pay the amount of insurance specified under such loss in said Schedule, provided, however, that in no case shall such payment be made for any loss which is caused wholly or partly, directly or indirectly, by:

(1) disease or bodily or mental infirmity, or by medical or surgical treatment or diagnosis thereof, or"

Appellant contends her husband died as a result of an accident within the meaning of this double indemnity clause. Appellee contends appellant's husband's death was not accidental, but rather the result of a pre-existing heart condition. Appellee denied extra accident benefits.

The facts surrounding the insured's death are as follows: On December 14, 1978 while the insured was teaching a class at his place of employment, he put his hand up to his forehead, said "Oh", and then fell straight back, his head striking the chalkboard ledge, the concrete wall behind him, and the tile floor. The insured was taken to West Penn Hospital in Pittsburgh where he died on December 15, 1978. The cause of death was listed on the final autopsy report as left occipital skull fracture with cerebral contusions, edema and subarachnoid hemmorrhage complicated by severe coronary artery arteriosclerosis with old myocardial infarction.

[1] Appellant maintains the decedent's loss of consciousness, if it actually took place, was unexpected, unusual, and no more than a temporary disorder that had no direct effect upon the life or health of the insured. Appellant asserts even if the loss of consciousness caused the insured's fall, the fall and its concomitant head injury and not the loss of consciousness, led to death. The insured's physician offered proof that the accidental head injury caused a respiratory arrest which finally caused the cardiac arrest. Appellee's physician concluded the insured's death could well have been due to an initial cardiac arrest which caused the fall.

The lower court relied on *Real Estate Trust Company v. Metropolitan Life Insurance Company*, 340 Pa. 533, 17 A.2d 416 (1941) in ascertaining appellant's burden of proof. Therein, the court, citing *Lucas v. Metropolitan Life Insurance Company*, 339 Pa. 277, 14 A.2d 85 (1940), held the burden is on appellant to prove not only that the loss resulted directly and solely through accidental means, but further, where the proof points to a pre-existing infirmity or abnormality which may have been a contributing factor, to produce further evidence to exclude that possibility. *Id.*, 340 Pa. at 545, 17 A.2d at 421.

Appellant contends the trial court erred in its reliance on *Real Estate Trust Company, supra.* Appellant asserts the trial court should have applied the burden of proof as defined in *Brenneman v. St. Paul Fire and Marine Life Insurance Company*, 411 Pa. 409, 192 A.2d 745 (1963). Appellant acknowledged she still had the burden of showing that the decedent's death was caused by accident, but once she accomplished that, the burden shifted to appellee to show that without a pre-existing illness death would not have occurred.

Under *Real Estate Trust Company* or *Brenneman* the threshold question is identical. Appellant must prove death was due solely to accidental means. Even if this Court would apply the burden of proof appellant urges, appellant has failed to meet the first part of that test.

The trial court found both parties' expert witnesses equally plausible and concluded appellant failed to prove her husband died accidentally. Nor did she exclude the possibility that death resulted from a pre-existing infirmity.

 It is well-established that findings of fact of a trial judge, sitting without a jury, if approved by the court en banc, have the force and effect of a jury verdict and, based upon sufficient evidence, will not be disturbed on appeal unless they are manifestly erroneous. *Bachman v. Artinger*, 285 Pa.Super. 57, 426 A.2d 702 (1981); *Yates v. Clifford Motors, Inc.*, 283 Pa.Super. 293, 423 A.2d 1262 (1980). Furthermore, in reviewing the findings of the trial judge,

the victorious party is entitled to have evidence viewed in a light most favorable to him and all the evidence and proper inferences favorable to the successful party must be taken as true and all unfavorable inferences rejected, especially where the credibility of witnesses had to be weighed by the lower court. *Brenna v. Nationwide Insurance Co.*, 294 Pa.Super. 564, 440 A.2d 609 (1982). This Court will not disturb the lower court's determination as to the credibility of the parties' physicians. We find the lower court had sufficient evidence upon which to base its findings of fact and we will not disturb those findings of fact.

Furthermore, we affirm the lower court's reliance on *Real Estate Trust Company* as the case presently before us is factually distinguishable from *Brenneman.* The insured herein sustained a number of severe and sudden heart attacks, unlike the insured in *Brenneman* who suffered merely from arteriosclerosis and high blood pressure. Moreover, the instant policy has a double limitation. The exclusionary language is more specific and stronger than that found in the policy in issue in *Brenneman.* Lastly, *Brenneman* did not alter the two-fold burden of proof established in *Real Estate Trust Company,* as *Brenneman* did not refer to or imply any analogy to *Real Estate Trust Company* and its progeny.

■ Appellant further asserts appellee failed to offer any proof of the deceased's awareness and understanding of this exclusion or limitation. Appellant relies on *Hionis v. Northern Mutual Insurance Company,* 230 Pa.Super. 511, 327 A.2d 363 (1974), where we held that it was the insurer's burden to show that the insured was made aware of and understood an exclusion which the insurance company sought to enforce. Consequently, appellant claims appellee cannot rely upon the exclusion or limitation to deny coverage.

Appellant's efforts to rely upon the above case law must fail, however, for the following reason. In *Standard Venetian Blind v. American Empire Insurance Co.,* 503 Pa. 300, 469 A.2d 563 (1983), the Supreme Court held that an insured cannot avoid the application of clear and unambig-

uous policy limitations contained in an insurance contract by alleging an unawareness of the exclusion and its effect. This opinion was handed down ten months after the proceedings took place in the instant case.

*Standard Venetian Blind* enjoys retroactive application. *See Tonkovic v. State Farm Mutual Automobile Insurance Company*, 337 Pa.Super. 123, 486 A.2d 512 (1984); *Haegele v. Pennsylvania General Ins. Co.*, 330 Pa.Super. 481, 479 A.2d 1005 (1984); *Votedian v. General Accident Fire & Life Assurance Corp.*, 330 Pa.Super. 13, 478 A.2d 1324 (1984). Thus, the changed burden of proof merely requires appellee to prove that a copy of the policy was sent to the insured.

In *Tonkovic,* this Court reversed and remanded to the lower court for a determination as to whether the insured, the owner of the policy, in fact received a copy of the policy from the insurance company. This is unnecessary in the case presently before us as the policy was not purchased by appellant's husband, but rather was a group policy issued to General Motors to cover its employees. Therefore, since appellant's husband was not the owner of the policy, a determination as to whether he received a copy of the policy is irrelevant.

Order affirmed.