## Lohr v. Allstate Insurance Company

*Richard Epstein,* for plaintiff.

*W. Allen Dill,* for defendant Allstate Insurance Company.

*Mark A. Hruska,* for defendant Pennsylvania Assigned Claims Plan.

FORNELLI, *J,.* May 30, 1985—This case arises from an automobile accident in which plaintiff's son was fatally injured. Plaintiff, at the time of the accident, was insured by defendant no-fault insurance carrier in accordance with the provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act[1] (hereinafter referred to as the No-fault Act). Decedent son resided in plaintiff's Pennsylvania household and was listed as a driver on plaintiff's no-fault insurance policy with defendant.

Decedent, at the time of his accident, was operating a vehicle registered in his name at an Ohio address with a temporary Ohio registration. Decedent's vehicle was not named as an insured vehicle on plaintiff's policy nor was it in any other way insured in either Ohio or Pennsylvania.

Plaintiff brought this assumpsit action against his insurance company as administrator of his deceased son's estate and in his own right as a survivor seeking to recover no-fault benefits. Defendant has filed a motion for judgment on the pleadings asserting that an exclusionary clause in its policy precludes plaintiff's recovery of no-fault benefits.

Defendant asserts that the clause excludes coverage for a relative of the named insured who is injured while driving his own automobile without the required no-fault security. Plaintiff, on the other hand, contends that defendant's attempted exclu-

---

1. 40 P.S. §1009.101 et seq.

sion is contrary to the intention and policy of the No-fault Act and is void.

The exclusionary clause in question provides inter alia:

"This coverage does not apply to bodily injury to:

(a) The named insured or any relative resulting from the maintenance or use of the named insured's motor vehicle which is not an insured motor vehicle;

(b) Any relative resulting from maintenance or use of his motor vehicle which does not meet the requirements of the Pennsylvania No-fault Motor Vehicle Insurance Act; . . ."

## DISCUSSION

Pa.R.C.P. 1034 provides:

"(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

(b) The court shall enter such judgment or order as shall be proper on the pleadings."

Judgment on the pleadings is appropriate only where no material facts remain in dispute. Pennsylvania Association of State Mental Hospital Physicians, Inc. v. State Employees' Retirement Board, 484 Pa. 313, 320, n.11, 399 A.2d 93, 96, n.11 (1979); Williams By & Through Williams v. Lewis, 319 Pa. Super. 552, 555, 466 A.2d 682, 683 (1983). In reviewing motions for judgment on the pleadings, the court must treat all well-pleaded allegations of the party opposing the motion as true and draw all inferences favorable to that party. Cantwell v. Allegheny County, 319 Pa. Super. 255, 258, 466 A.2d 145, 147 (1983), rev'd on other grounds, 506 Pa. 35, 483 A.2d 1350 (1984). Only those facts specifically admitted by the opposing party may be con-

sidered against him. Yakowicz v. Costigan, 17 Pa. Commw. 287, 290, n.1, 331 A.2d 238, 240, n.1 (1975); Enoch v. Food Fair Stores, Inc., 232 Pa. Super. 1, 4, 331 A.2d 912, 914 (1974).

To succeed on a motion for judgment on the pleadings, the right to prevail must be so clear that trial would be a fruitless exercise. Keil v. Good, 467 Pa. 317, 319, 356 A.2d 768, 769 (1976); Williams By & Through Williams v. Lewis, 319 Pa. Super. 552, 555, 466 A.2d 682, 683 (1983). In a close case, the preferable approach is to await the filing of affidavits and depositions and consider the issue on a motion for summary judgment. DelQuadro v. City of Philadelphia, 293 Pa. Super. 173, 177, 437 A.2d 1262, 1263 (1981).

Construction of a written contract of insurance is a matter of law for the court. Timbrook v. Foremost Insurance Company, 324 Pa. Super. 384, 388, 471 A.2d 891, 893 (1984). It should be noted that this case does not involve the construction of an arguably ambiguous provision of an insurance policy. If it were, it would be liberally construed in favor of the insured claimant. AC and S, Inc. v. Aetna Casualty & Surety Company, 576 F. Supp. 936, 940 (E.D., Pa. 1983). However, where as here the policy provision is clear and unambiguous, courts do not enjoy license to rewrite the policy or give its terms a construction in conflict with their plain meaning. Navarro v. Ohio Casualty Insurance Company, 325 Pa. Super. 167, 172, 472 A.2d 701, 703 (1984):

Where a policy limitation relied upon by an insurer to deny liability coverage is clearly worded and conspicuously displayed, the insured cannot avoid the consequences of that limitation by proof of failure to read or understand it nor need the insurer prove that the insured was aware of the exclusion and its effects. Standard Venetian Blind Company v.

American Empire Company, 503 Pa. 300, 307, 469 A.2d 563, 567 (1983); Harrison v. Aetna Life & Casualty, 326 Pa. Super. 116, 117, 473 A.2d 636, 637 (1984).

Compensating an injured victim of a vehicular accident is a paramount purpose of the legislatively adopted no-fault scheme. Harleysville Mutual Insurance Company v. Schuck, 302 Pa. Super. 534, 538, 449 A.2d 45, 47 (1982). An injured victim, even if he or she is an uninsured owner, can through no-fault insurance receive prompt and comprehensive professional treatment and thereby be rehabilitated and returned as a productive member of society as quicky as possible. Harleysville Mutual Insurance Company v. Schuck, 302 Pa. Super. 534, 538-39, 449 A.2d 45, 47 (1982). Once this purpose is accomplished, the No-fault Act permits a determination of ultimate liability. Harleysville Mutual Insurance Company v. Schuck, 302 Pa. Super. 534, 539, 449 A.2d 45, 47 (1982). This rationale, of course, would not be applicable to a deceased uninsured victim who cannot be rehabilitated and returned as a productive member of society.

Generally, when a person is named in an insurance policy that person and his resident relatives are covered by the policy regardless of the vehicle being used at the time of the accident. Occidental Fire & Casualty Insurance Company v. Nationwide Insurance Company, 24 D.&C. 3d 276, 278 (1982). Thus, the No-fault Act envisions security generally following the person, not the vehicle. See 40 P.S. §1009.204(a)(2); Occidental Fire & Casualty Insurance Company v. Nationwide Insurance Company, 24 D.&C. 3d 276, 278 (1982).

The principle that insurance follows the person, however, is not absolute. At least two exceptions, one statutory and one judicial, exist. The statutory

exception, on the one hand, involves the victim who is in his employer's vehicle. 40 P.S. §1009.204(a)(1)[2] The judicially created exception, on the other hand, covers a victim who is driving his uninsured vehicle. Occidental Fire & Casualty Insurance Company v. Nationwide Insurance Company, 24 D.&C. 3d 276, 278 (1982) citing Walburn v. Nationwide Mutual Insurance Company, 98 Dauphin Cty. 166 (1976), aff'd 247 Pa. Super. 634, 373 A.2d 1153. The latter exception covers the case at bar.

As in the case at bar, Walburn involved a plaintiff who was injured while operating a motor vehicle owned by him on which he had failed to provide security for the payment of basic loss benefits as required by the No-fault Act, 40 P.S. §1009.104. He instituted suit to recover under a no-fault insurance policy issued to his father, with whom he resided. The father's policy, however, did not list plaintiff's automobile as an insured vehicle. The court held that plaintiff was not entitled to recover in view of a provision in the father's policy identical with the one in the case at bar which excluded coverage for a relative injured while driving his own automobile without the required no-fault security.

The No-fault Act's purpose is to assure that motorists carry the required security for their vehicles. Walburn v. Nationwide Mutual Insurance Com-

---

2. "(a) The security for the payment of basic loss benefits applicable to an injury to: (1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim." 40 P.S. §1009.204(a)(1).

pany, 98 Dauphin Cty. 166, 171 (1976), aff'd 247 Pa. Super. 634, 373 A.2d 1153. Provisions of the No-fault Act evidence a clear legislative intent to penalize persons such as plaintiff who fail to provide no-fault protection[3] for their vehicles. Ibid. at 172 (1976), aff'd 247 Pa. Super. 634, 373 A.2d 1153.

The Walburn court stated:

"The objective to be achieved by requiring insurance on all vehicles seemingly is two-fold; first, to provide a source for injured victims; and second, to insure that every owner and operator of a motor vehicle contributes his fair share to the pool of funds available to compensate injured victims so that the cost per individual is kept as low as possible." Walburn v. Nationwide Mutual Insurance Company, 98 Dauphin Cty. 166, 173 (1976), aff'd 247 Pa. Super. 634, 373 A.2d 1153.

The Walburn court further elucidated its rationale, a rationale equally applicable to the case at bar:

"While in isolation the definition of an insured applies to plaintiff, for the court to so hold clearly defeats the other provisions of the Act designed to require all owners to provide security for their vehicles. Plaintiff thus would be benefitting by receiving full no-fault benefits for injuries sustained while operating his own vehicle without having made any contribution whatsoever to the source of funds available to pay these benefits. Such a result violates the rule of construction that the statute should be interpreted to affect the intent of the General Assembly."

3. See, e.g., 40 P.S. §1009.301(a)(1) providing that the partial abolition of tort liability is inapplicable to the owner of an unsecured motor vehicle; and 40 P.S. §1009.601 making it a misdemeanor to operate an unsecured motor vehicle on a public highway in the Commonwealth or as the owner of such a vehicle, to permit its operation.

1 P.S. §1921(a) (1964-83 supp.); Walburn v. Nationwide Mutual Insurance Company, 98 Dauphin Cty. 166, 173-74 (1976), aff'd 247 Pa. Super. 634, 373 A.2d 1153.

The result urged by plaintiff in Walburn, and by plaintiff in the case at bar, would violate two rules of construction. First, that a court is to presume the legislature does not intend an absurd result. Yet, it would be absurd to presume the legislature intended that a plaintiff should be entitled to recover full no-fault benefits from a defendant under section 204 of the act[4] and then defendant be entitled to, in turn, recover back all such payments from plaintiff's estate under section 501 of the act.[5] See Ostronic v. Insurance Company of North America, 314 Pa. Super. 146, 460 A.2d 808 (1983). Secondly, a court is to interpret the No-fault Act so as to give meaning and effect to every part. Yet, the interpretation urged by plaintiffs renders meaningless section 108(a)(4) (which specifically provides penalties for an injured, uninsured owner of a vehicle such as plaintiff) and section 105 (creating the assigned risk plan). See Walburn v. Nationwide Mutual Insurance Company, 98 Dauphin Cty. 166, 174 (1976), aff'd 247 Pa. Super. 634, 373 A.2d 1153.

Thus, an exclusion in a no-fault insurance policy such as in Walburn and in the case at bar is proper and consistent with the purposes of the No-fault Act. These exclusions have been approved by the Insurance Department.[6] 31 Pa. Code §66.102.

4. 42 Pa.C.S. §1009.204 sets forth sources from which no-fault benefits may be recovered.

5. 42 Pa.C.S. §1009.501 provides for reimbursement to an insurer required to pay no-fault benefits from the uninsured owner of the subject motor vehicle.

6. 40 P.S. §1009.209(b) extends authority to the insurance department to promulgate regulations.

Not only was the exclusionary clause in Walburn identical to that involved in the instant case, other factual parallels exist as well while only two distinctions appear. First, the victim in Walburn did not sustain fatal injuries; and secondly, the Walburn victim did not attempt to circumvent the No-fault Act by registering his vehicle in another state. Plaintiff's decedent did in the case at bar. Neither distinction, however, is sufficiently material to compel a different result in Walburn. In fact, the second distinction makes the Walburn conclusion all the more compelling in the case at bar. This court, therefore, must follow the precedent established in Walburn.

Plaintiff relies upon Herrin v. Prudential Property and Casualty Insurance Company, 23 D.&C. 3d 476 (1982), wherein the court invalidated an exclusionary provision similar to that found in Walburn v. Nationwide Mutual Insurance Company, 98 Dauphin Cty. 166 (1976), aff'd 247 Pa. Super. 634, 373 A.2d 1153 (1977), on the basis that to do otherwise would be tantamount to sanctioning an attempt by the insurance company to amend the No-fault Act. The Herrin court, however, must have been unaware of the Superior Court's decision in Walburn since it does not mention nor attempt to distinguish Walburn, a binding higher court ruling. Moreover, we do not find our holding or the Walburn holding as tantamount to amending the No-fault Act as Herrin states. On the contrary, it is consistent with the policy, intention and wording of the act as set forth above.

President Judge John Q. Stranahan of this court in Gerlach v. St. Paul Fire & Marine Insurance Co. et al., 792 C.D. 1983 (Mercer Cty. 1985), held a similar no-fault insurance exclusion in a Nation-

wide insurance policy valid and binding. The court stated:

"Such an exclusion seems perfectly reasonable to us, since otherwise a policy issued to one member of a family, based on that member's car and driving record could end up covering multiple vehicles and multiple drivers." Ibid. at p. 15.

Judge Stranahan also observed that one of the No-fault Act's purposes, in section 102(b), 42 Pa. C.S. §1009.102(b), is to provide insurance coverage at a reasonable cost. The court questioned the ability to do this without such an exclusion since an insurer would then be required to provide basic loss benefits to all relatives of a household for all the motor vehicles they might own. The court also rejected the rationale of Herrin pointing out that it ignored the existence of the assigned claims plan as a source of compensation for uninsured accident victims.

Defendant's right to prevail is thus sufficiently clear to make trial a fruitless exercise. Defendant's exclusionary clause is clearly worded and conspicuously displayed[7] so as to render futile any argument by plaintiff that he failed to read or understand the limitation. Plaintiff specifically admitted that decedent was his son; that the vehicle operated by decedent at the time of the accident was owned by decedent; and that decedent's vehicle was neither a named vehicle on plaintiff's policy with defendant nor insured in any way in either Ohio or Pennsylvania. Such admissions in the pleadings may be considered against plaintiff in reviewing a motion for judgment on the pleadings. Yakowicz v. Costigan, 17 Pa. Commw. 287, 290, n.1, 331 A.2d 238, 240, n.1 (1975); Enoch v. Food Fair Stores, Inc., 232 Pa.

---

7. It is typed partially in capital letters.

Super. 1, 4, 331 A.2d 912, 914 (1974). These admissions clearly bring plaintiff within defendant's exclusionary clause, thereby precluding plaintiff's recovery of no-fault benefits. Judgment on the pleadings will, therefore, be granted to defendant.

## ORDER

And now, this May 30, 1985, defendant's motion for judgment on the pleadings is granted.