## Alfreno v. Arblaster

82

*Lewis P. McEwen,* for plaintiffs.
*Donald R. McKay,* for defendant Arblaster.
*James A. Stranchan IV,* for defendant Mercer County Joint Sewage Agency.
*Stephen J. Mirizio,* for defendant Nicolls.
*Gary D. Lackey,* for defendant Miller.

FORNELLI, *J.,* October 6, 1986—On or about April 17, 1982, plaintiffs Mark Alfreno and Cindy Alfreno entered into an agreement with defendant Lawrence Arblaster,[1] d/b/a Arblaster Construction Company whereby defendant agreed for the consideration of $48,825 to construct a residence for plaintiffs. The agreement contained provisions for various aspects of the work to be performed by defendant including the installation of a septic system. As a necessary precondition thereto, defendant allegedly obtained a septic system permit from the Mercer County Joint Sewage Agency, which purportedly specified the location on the property where the septic system was to be installed.

---

1. Plaintiffs are individuals residing in Grove City, Pa. and defendant is an individual whose place of business is in Slippery Rock, Pa.

On May 13, 1985, plaintiffs filed a civil action against defendant Arblaster seeking damages for defendant's alleged improper installation of the septic system. The complaint alleges that the septic system permit required that the system be placed in front of the residence on the southwest corner of the lot. Plaintiff's maintain, however, that defendant permitted the septic system to be placed behind the residence on the north side of the lot. The complaint further alleges that the septic system failed to function properly causing refuse from the system to percolate to the surface and back up into the residence.

Arblaster filed an answer and new matter denying any liability to plaintiffs. In addition, defendant filed a complaint joining as additional defendants Robert M. Nicolls, the permit issuing officer; Donald Miller, the subcontractor engaged by defendant Arblaster to install the septic system; and Pine Township,[2] as the master and employer of Robert M. Nicolls and as the licensor and bonding agent of Donald Miller.

Next, additional defendant Pine Township filed both an answer and new matter to defendant's complaint joining it and also filed its own complaint joining as an additional defendant, the Mercer County Joint Sewage Agency. This complaint alleges that defendant Robert Nicolls was an employee of the sewage agency, and, therefore, any negligence on his part is imputed to the agency. The complaint further alleges that the sewage agency controlled the installation, reinstallation of the septic tank and all permits, percolation tests and all other matters pertaining to the property and the effectiveness of the on-lot sewage disposal system.

---

2. Defendant Pine Township is a Second Class Township of Mercer County with offices in Grove City.

Presently before the court are additional defendant, Pine Township's motion for judgment on the pleadings made pursuant to Pa.R.C.P. 1034 and additional defendant sewage agency's preliminary objection in the nature of a petition raising a question of governmental immunity. Both parties raise the same issue: Does the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. grant both or either party immunity from suit?

Initially, we note, immunity is properly pleaded as an affirmative defense in new matter, *Freach v. Commonwealth*, 471 Pa. 558, 564, 370 A.2d 1163, 1166, (1977), (overruled on other grounds), *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709; Pa.R.C.P. 1030;[3] and not by way of preliminary objection[4]. However, if no objection

---

3. Pa.R.C.P. 1030 provides in pertinent part:

"All affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, . . . immunity from suit, impossibility of performance . . . shall be pleaded in a responsive pleading under the heading new matter. A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading."

4. But see *Ziccardi v. School District of Philadelphia*, 91 Pa. Commw. 595, 597, 498 A.2d 452, 453 (1985) stating the preliminary objection is a proper vehicle for raising immunity when the defense is apparent on the face of the pleading. *Ziccardi* does not refer to the Supreme Court's decision on this issue in *Freach, supra,* by which it is bound. However, *Swartz v. Masloff*, 62 Pa. Commw. 522, 437 A.2d 472 (1981) which *Ziccardi* does cite, relies at 474 on the failure of the opposing party to object to the use of preliminary objections to raise the immunity issue as a waiver of the procedural impropriety. *Ziccardi* also at 457 notes that the proper manner to question the method of raising the immunity issue is by a preliminary objection to the preliminary objection which was not done in *Ziccardi* or *Swartz*.

is raised on this procedural basis,[5] the court can choose to address the preliminary objection which is essentially in the nature of a demurrer. *See Nicholson v. M & S Detective Agency,* 94 Pa. Commw. 521, 503 A.2d 1106 (1986). Herein, defendant sewage agency's motion will be treated essentially as a preliminary objection in the nature of a demurrer since no objection has been raised thereto.

Defendant Pine Township raised the affirmative immunity defense by way of new matter and now motions for judgment on the pleadings.[6] Motions for judgment on the pleadings are essentially in the nature of a demurrer. The well-pleaded averments of the nonmoving party are deemed admitted by the moving party even though earlier denied. *Wimbish v. School District of Penn Hills,* 59 Pa. Commw. 620, 430 A.2d 710 (1981). A judgment on the pleadings is appropriate only where no material facts remain in dispute and where the law is so clear that a trial would be a fruitless exercise. *Williams v. Lewis,* 319 Pa. Super. 552, 466 A.2d 682 (1983); *Beardell v. Western Wayne School District,* 91 Pa. Commw. 348, 496 A.2d 1373 (1985). Accordingly, although we recognize that the immunity question has been raised by two different procedural vehicles, it does not prevent our addressing the issue.

---

5. The proper method to challenge an immunity defense improperly raised by way of preliminary objection is by a preliminary objection in the nature of a motion to strike for lack of conformity to law or rule of court. *Swartz v. Masloff,* 62 Pa. Commw. 522, 437 A.2d 472 (1981).

6. Pa.R.C.P. 1034 provides:

"(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

(b) The court shall enter such judgment or order as shall be proper on the pleadings."

The judicial doctrine of governmental immunity, abrogated in 1973 by the Pa. Supreme Court in *Ayala v. Philadelphia Board of Education*, 453 Pa. 584, 305 A.2d 877 (1973), was partially reinstated by the legislature through the enactment of the Political Subdivision Tort Claims Act in 1978,[7] the subject matter of which is found in sections 8541-64 of the Judicial Code, 42 Pa.C.S. §§8541-64. 42 Pa.C.S. §8541 provides that local agencies are generally immune from suit except as otherwise provided in the subchapter.[8]

In order to avoid the protective cover of immunity two requirements must be met. First, the damages must be recoverable at common law or a statute creating a cause of action. 42 Pa.C.S. §8542(a)(1); see *Ziccardi v. School District of Philadelphia*, 91 Pa. Commw. 595, 498 A.2d 452 (1985); *Kearns v. Rollins Outdoor Advertising Inc.*, 89 Pa. Commw. 596, 492 A.2d 1204 (1985). Second, the negligent acts of the political subdivision or its agent or employee acting within the scope of his office or duties must fall within one of the eight excepted categories enumerated in 42 Pa.C.S. §8542(b).[9]

---

7. Act of November 26, 1978, P.L. 1399, 53 P.S. §5311.102 et. seq. was repealed by section 333 of the Jara Continuation Act of 1980, 42 Pa.C.S. §20043.

8. Specifically, 42 Pa.C.S. §8541 provides:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

Act of October 5, 1980, P.L. 693, §221(1), effective in 60 days.

9. The eight acts which may impose liability on the local agency are: (1) motor vehicle liability; (2) care, custody or control of personal property; (3) care, custody or control of real property; (4) a dangerous condition of trees, traffic controls and street lighting; (5) a dangerous condition of utility service

In the case at bar, defendant Arblaster contends that the exception to immunity listed at section 8542(b)(2) is applicable to the facts instantly and, therefore, defendant Pine Township and defendant sewage agency are not immune from suit.

Section 8542(b) provides:

"The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(2) *Care, Custody or Control of Personal Property* —

"The care, custody or control of personal property of others in the possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency."

We are not asked to address the issue of whether or not the damages alleged are recoverable at common law or under a statute creating a cause of action as required by section 8542(a)(1). It appears that this is not an issue in the case. However, we do note that there exist factual disputes as to whether the additional defendant Nicolls, the permit issuing officer, is an employee solely of the sewage agency; whether he is controlled by Pine Township; or whether he is an independent contractor whose actions can be imputed to neither governmental agency. For purposes of the motions at hand, we will assume as we must[10] that the facts as alleged by the

---

facilities; (6) a dangerous condition of streets; (7) a dangerous condition of sidewalks; and (8) care, custody or control of animals. 42 Pa.C.S. §8542(b).

10. In ruling on a demurrer, the court may not consider factual matters not disclosed in the record. *International Union of Operating Engineers v. Linesville Construction Co.*, 457 Pa. 220, 223, 322 A.2d 353, 356 (1974). The court must

nonmoving party, defendant Arblaster, are true and that additional defendant Nicolls was acting under the authority of and as agent for Pine Township under the doctrine of respondent superior. Nevertheless, should defendant Arblaster prevail instantly, this factual question would be put to proof at a trial on the merits.

The term "local agency" as used in 42 Pa.C.S. §8541 et. seq. is statutorily defined to include "a government unit other than the commonwealth government." 42 Pa.C.S. §8501. Clearly, defendant Pine Township, in the instant matter, is a "local agency" within this definition and is, therefore, subject to the immunity provision(s) in question. Whether or not the additional defendant, Mercer County Sewage Agency, meets the definition, however, is less easily resolved. It appears that the sewage agency is "a government unit other than the commonwealth government" but the pleadings in their present state are devoid of facts indicating such status. We cannot and will not assume the sewage agency's status without sufficient facts on record to support such a proposition. We are given no indication as to how the agency operates or the authority by which it operates.

Nor can we take judicial notice of such status or the agency's operations in relation to this case. Judicial notice is the doctrine that a court will take cognizance of certain facts without proof, either because of their universal notoriety or because the fact is common knowledge. Not only was no request made for the court to take judicial notice of the

---

treat all well-pleaded allegations of the party opposing the motion as true and draw all inferences favorable to that party. *Cantwell v. Allegheny County*, 319 Pa. Super. 255, 258, 466 A.2d 145, 147 (1983).

agency's status, see *Chaplin v. Pelton*, 282 Pa. Super. 487, 490, 423 A.2d 8, 9 (1980), the agency's nature and function apparently lacks the requisite notoriety and common knowledge.[11]

Thus, we cannot determine from the present record whether the sewage agency is a governmental unit within the scope of the immunity provisions of section 8542. Therefore, the agency's preliminary objection on the ground of political subdivision immunity must be denied until the record is more fully developed in its regard.

Next we turn to an analysis of subsection 8542(b)(2) and whether it provides an exception to immunity in regard to Pine Township. Defendant Arblaster submits that the wording of the subsection, "The care, custody or control of personal property of others in the *possession or control* of the local agency," (emphasis supplied), should be construed in favor of liability and if so construed instantly would result in liability on the part of the local agency. Defendant Arblaster argues that the local agency, by having the power to issue an on-lot septic system permit, in effect, "controls" the personal property, i.e., the septic system of another.

First we disagree with defendant that when interpreting the scope of the eight stated exceptions to immunity, it is required that the interpretation be in favor of liability rather than immunity.[12] A proper application of the rule of statutory construction dic-

---

11. This court, in an effort to determine if upon request judicial notice would be appropriate, contacted the chief clerk of the County of Mercer, the director of Mercer County Council of Governments and a municipal engineer. None knew of the agency or its functions. The agency does not appear in the Mercer County listing of governmental agencies.

12. Defendant relies of *Garman v. Conemaugh Twp. School District,* 29 D.&C.3d 478 to support this proposition.

tates a strict and narrow interpretation of the eight categories of liability enumerated in section 8542(b). *Casey v. Geiger*, 346 Pa. Super. 279, 285, 499 A.2d 606, 610 (1985); 1 Pa.C.S. §1924 (Purdon Supp. 1984-85). Moreover, a narrow reading of the eight categories of liability is also mandated upon consideration of the legislative intent to insulate political subdivisions from tort liability as expressed in the preamble to the act. *Casey v. Geiger, supra,* 346 Pa. Super. 285, 499 A.2d 610, 1 Pa.C.S. §1921 (Purdon Supp. 1984-1985).[13]

To resolve defendant Pine Township's motion, keeping in mind that subsection 8542(b)(2) is to be narrowly construed in favor of immunity, we need to address two questions: (1) Does a "septic system" constitute real or personal property? and (2) what does the word "control" mean as used in the subsection? In order for defendant Pine Township to prevail herein under section 8542(b)(2) it is necessary that we find that a septic system is personal property and that defendant township exercised possession or control of personal property belonging to another.

The Judicial Code does not define "property," "real property" or "personal property". The Statutory Construction Act of 1972, section 3 as amended, 1 Pa.C.S. §1991 defines property as: "Includes both real and personal property," but does not define either real property or personal property. Absent a statutory definition, we are left to consider

13. See also, *Zelenvich v. New Hope Solebury School District,* 30 D.&C.3d 252, 255 (1984); *Smith v. Lancaster Tax Bureau,* 23 D.&C.3d 734 (1982). Both cases hold that since the legislature intended to reinstate governmental immunity limited only by the eight specifically enumerated exceptions, these exceptions should be narrowly interpreted, consistent with the plain meaning of the statute.

traditional property-law principles, particularly those which govern the affixation of tangible personal property to land in the law of fixtures. Briefly, the basic principles of fixture law are as follows:

"(a) A fixture is an article of personal property which, because of its physical annexation to the soil or appurtenance thereto, or because of its essential use in a specific business, has become part of the real estate, in legal contemplation. *PLE, Fixture*, §1, 329. Fixtures are articles which were personalty but which by being annexed to realty are regarded as a part thereof. *CJS, Fixtures* §1, 587. The term "fixture" is applied to articles of the nature of personal property which have been affixed to land and which retain their separate identity. *Id.* at 588.

"(b) Whether or not equipment, furnishings, and other similar property are to be regarded as separate personal property or as part and parcel of the real estate . . . depends upon whether or not under all the circumstances such property can properly be said to have been incorporated into the freehold by the one installing it or by placing it upon the premises *Sum. Pa. Jur.*, Real Property II, §264.

"(c) . . . (W)hether articles are fixtures depends on the nature and character of the act by which they have been put in place, the policy of the law and the intention of the parties. *PLE, Fixtures*, §1, 329. In determining whether or not property should be regarded as incorporated into the freehold when it has been placed upon the land, consideration must be given to (1) the intention of the one who placed the article on the land; (2) the character of the article as related to the use to which the land is devoted, and (3) the nature or mode of the annexation. *Sum. Pa. Jur., supra*, §264 *Accord: CJS, supra*, §1, 591.

"(d) The general rules of fixtures incorporation are: Where chattels are so physically annexed to the

land that they cannot be removed without material injury to the land or to some structure thereon, they are necessarily deemed to be incorporated into the realty. Under these circumstances, the chattels become part of the land without regard to any other additional circumstance, the law applying the maxim that whatever is annexed to the soil becomes a part thereof. *Sum. Pa. Jur., supra,* §265."

Notwithstanding all of the above, however, personal chattels do not become fixtures merely because they are purchased to be incorporated in a building (or other real property), until they are actually attached to the freehold. *PLE, Fixtures,* §1, 331; *Sum. Pa. Jur., supra,* §264. However, whenever attachment of an article of personal property is virtually indispensable to the proper use of the article or of the land or building, the article should be treated as real property at the time of attachment.

Application of these principles instantly leads to the conclusion that a septic system, when installed into plaintiff's property becomes part of the real estate and at the point is real property. However, until the septic system is actually attached or incorporated into the land it remains personal property.

With these principles in mind, we must conclude if plaintiff's cause of action arises in relation to real estate or personal property. If it is real estate, the exception to immunity set forth in section 8542(b)(3) for real estate is inapplicable since Pine Township did not have it in its possession as required by that subsection and, therefore, Pine Township would be immune from liability for any negligence in relation to it.[14] If, however, it arises as to personal property

_____

14. It is clear from the record that defendant Pine Township did not have "possession" of the septic system. See *Czarnecki v. Ruth,* 31 D.&C.3d 664 (1982), holding that a mu-

the exception to immunity set forth in section 8542(b)(2) would apply if the system was merely in Pine Township's control even though not in its possession.

We must; therefore, analyze the word "control" as used in that subsection because if defendant Pine Township did not exercise "possession or control" over the personal property of another as used in the statute, then regardless of whether the property was personal or real, §8542(b)(2) would be inapplicable.

In construing the terms of the statute, nontechnical words must be interpreted according to their common usage. *Wajert v. State Ethics Commission*, 491 Pa. 255, 420 A.2d 439 (1980); 1 Pa.C.S. §103(a). We have found only two other Pennsylvania cases where a court construed the word "control" as used in section 8542(b)(2). In *Paul's Plumbing v. Montgomery County Sheriff*, 24 D.&C.3d 541 (1982), the court held that the term "possession or control of personal property" connotes actual supervision or dominion over personal property.[15] *Smith v. Lancaster Tax Claim Bureau*, 23 D.&C.2d 734 (1982), held that a tax claim bureau did not have "control" over a mortgage about which an employee allegedly gave incorrect advice as to whether it would be divested by a tax sale. The court relied on the definition on control in *Black's Law Dictionary*

---

nicipality's regulation of property under its zoning laws is not "possession" within the meaning of section 8542(b)(3).

15. In that case, plaintiff entered judgment by confession against E.L. Dull. The sheriff failed in five separate attempts to buy on the property. Plaintiff obtained a court order directing the sheriff to break and enter if necessary in order to obtain the property yet the sheriff failed to comply with the court order. Plaintiff brought an action in assumpsit and trespass against the sheriff. The sheriff raised an affirmative defense of immunity and the court agreed that the sheriff was immune

in a New Jersey case. "Control" as defined in *Black's Law Dictionary* is "the power or authority to manage, direct, superintend, restrict, regulate, restrain, govern or oversee." *Black's Law Dictionary*, 399 (4th. ed. 1951). In *Trust Company of New Jersey v. Greenwood Cemetary*, 21 N.J. Misc. 169, 32 A.2d 519, 523 (1943), "control" was defined as "the right to exercise a directing or governing influence."

Herein, it would certainly seem that the permit issuing officer who issues a permit which governs the legality, situs, size, and overall operation of the septic system in effect "controls" the system as that word is commonly defined. The permit issuing authority seemingly has the discretion to dictate the very fate of the septic system in that the authority decides whether or not the system can be installed and if so, where it can be installed. This power to regulate, direct, restrain and restrict installation of the system is certainly "control" over the system. Accordingly, we conclude that the permit issuing officer by having the power to permit and direct and regulate the installation of a septic system controls that system. Thus, if plaintiff's cause of action concerns personalty, section 8542(b)(2) is applicable and Pine Township would not be immune from liability for any negligence in regard to it since it would be under the township's control.

We conclude, however, that the septic system must be viewed as real estate and accordingly find that since Pine Township did not have the system

since contrary to plaintiff's argument section 8542(b)(2) did not apply. The facts, according to the court, did not show actual possession or control and in fact, defendant's failure to take possession or control of the personal property was the gravamen of the plaintiff's complaint.

within its possession, section 8542(b)(3), and none of the other statutory exceptions to tort immunity are applicable to Pine Township.[16] We have found only three cases which have addressed this issue:

*Hench v. Carpenter*, 35 D.&C.3d 401, 405 (1985), held without analysis that a sewer system was not personal property within the meaning of section 8542(b)(2). This case stemmed from a township's alleged negligent issuance of a sewage permit which resulted in the installation of a nonsuitable sewer system. A summary judgment was entered for the township on the basis of both immunity under the Political Subdivision Tort Claims Act and the statute of limitations.

*Munley v. Spring Brook Twp.*, 28 D.&C.3d 254, 264 (1982), involved the alleged failure to perform tests and/or misrepresentations to the landowners concerning a lot's suitability for on-lot sewage disposal. This court without analysis, held, inter alia, that the cause of action did not come within the statutory exceptions to governmental immunity set forth in section 8542(b).

*Schreck et al v. N. Codorus Twp.*, no. 84-5-277, (York Cty., 1986), held also without analysis that a sewage enforcement officer is immune from liability under the act for negligently performing tests to determine a lot's suitability for on-site sewage disposal systems.

---

16. Defendant Arblaster has never contended that the exception in section 8542(b)(5) is applicable and therefore we need not address the question in any detail. Section 8542(b)(5) providing for an exception to immunity for a dangerous condition of sewer facilities owned by a local agency and located within its rights of way is inapplicable herein since plaintiffs' septic tank again is not a sewer system owned by Pine Township or within it rights of way. See *Hench v. Carpenter*, 35 D.&C.3d 401, 405 (1985).

While these three cases are not binding upon us, we agree with their conclusions. Our analysis starts with the policy of statutory construction applicable to this act which requires we interpret it in a manner favoring immunity as set forth above. We next note that all of the township's alleged negligent acts were addressed to the location and operation of the sewer system when it would be in place, i.e., when it was functioning as a real estate fixture. Also, the damages which the township is being asked to compensate occurred when the system was functioning (or more appropriately misfunctioning) as real estate.

Lastly, although the cause of action may be said to arise with the negligent acts of the township when it breached its duty, the statute of limitations may not begin to run under "the discovery rule"[17] until the landowner could or should have discovered it by due diligence. The effect of this discovery rule therefore is to delay the accrual of a cause of action from the time of defendant's negligent conduct until the injury becomes known or should be known by the landowner. Most landowners could not and would not be aware of a municipality's error concerning the issued permit until the system in fact misfunctions. This would most times be when the system is in the ground and is real estate. (Courts have analogized to the discovery rule in holding that statute's grant of governmental immunity should be

---

17. This rule provides that the commencement of the statutory period of limitations may be delayed by plaintiff's ignorance of his injury and its cause until he could or should have discovered it by the exercise of due diligence. *Bickell v. Stein,* 291 Pa. Super. 145, 435 A.2d 610 (1981).

applied even where the negligent acts of the municipality predated the enactment of the Political Subdivision Tort Claims Act if the damages from those acts occurred subsequent to its enactment. See *Hench v. Carpenter, supra,* 35 D.&C.3d 406).

Accordingly, we hold that plaintiff's cause of action is in relation to real estate and that Pine Township is therefore immune by statute from its alleged negligent acts concerning plaintiff's septic system since it did not possess the system within the meaning of the statute's real estate exception to immunity.

The record as developed so far does not conclusively establish that either defendant Pine Township or defendant sewage agency, (or neither), was responsible for the issuance of the permit. The pleadings indicate that Robert M. Nicolls was the permit issuing officer. We cannot assume from that allegation defendant Nicolls' relationship to Pine Township or the sewage agency. The question of whether he was an employee, agent or independent contractor is a disputed question of fact. However, this does not prevent a resolution of this issue. If the relationship is such that responsibility might attach to Pine Township by respondent superior, the immunity of the act would bar the township from liability.

Hence, this

## ORDER

And now, this October 6, 1986 defendant Pine Township's motion for judgment on the pleadings is granted. Defendant Mercer County Sewage Agency's preliminary objection in the nature of a petition raising a governmental immunity question is denied.