525 A.2d 17

Christine A. Dorsch, a minor, by Charles R. Dorsch and Lillian M. Dorsch, her guardians, and Charles R. Dorsch and Lillian M. Dorsch, his wife, on behalf of themselves, Appellants *v.* Butler Area School District and John Chiprean, an individual, Appellees.

Argued March 23, 1987, before Judges CRAIG and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Kevin · P. Lucas*, with him, *James · G. McLean, Manion, McDonough & Lucas, P.C.*, for appellants. ·

*Dale K. Forsythe*, with him, *James A. Beinkemper, Wayman, Irvin & McAuley*, for appellee, Butler Area School District.

*Lee A. Montgomery, Kirkpatrick and Montgomery*, for appellee, John Chiprean.

OPINION BY JUDGE CRAIG, April 29, 1987:

Student Christine A. Dorsch and her parents appeal from an order of the Court of Common Pleas of Butler County sustaining the preliminary objections of Butler Area School District on the ground of governmental immunity, as codified in 42 Pa. C. S. §§8541-8542. We reverse and remand.

Christine alleges that, on March 29, 1985, as she was attempting to cross a roadway on the high school

property, another student struck her with his automobile. On November 6, 1985, the Dorsches filed a complaint against the student driver and the Butler Area School District. The school district responded by filing preliminary objections in the nature of a demurrer, raising immunity from suit as a defense. The Dorsches then filed preliminary objections asserting that the school district had improperly raised immunity from suit by way of preliminary objections.

The trial court sustained the school district's preliminary objections, determining that the school district was immune from liability.

On appeal here, the Dorsches contend that the trial court erred in considering the school district's preliminary objections because, under Pa. R.C.P. No. 1030, the defense of immunity from suit must be raised as an affirmative defense in new matter and cannot be raised and decided on preliminary objections.

As recently stated in *Ziccardi v. School District of Philadelphia,* 91 Pa. Commonwealth Ct. 595, 498 A.2d 452 (1985), this court has addressed, in numerous cases, the question of whether the defense of immunity from suit raised by preliminary objections should be stricken, and we have consistently held that preliminary objections are a proper vehicle for raising immunity where the defense is apparent on the face of the pleading under attack.

Hence, the issue is whether there was, on the face of the Dorsches' complaint, averments sufficient to establish an immunity defense for the school district.

> The complaint avers, among other things, that: Defendant Butler Area School District's design, maintenance, control, care, custody and operation of its real property, sidewalks, streets, traffic signs and other traffic controls, including but not limited to crosswalks and traffic signals, created a dangerous condition or conditions which had a

reasonably foreseeable risk of causing the kind of injury which was incurred by Plaintiff. . . .

. . . .

The streets, sidewalks, traffic signs, cross-walks, pathways, and traffic controls at Butler High School as they existed on March 29, 1985 gave rise to a dangerous condition which created a reasonably foreseeable risk of the kind of injury which was sustained by plaintiff Christine. In particular, a dangerous condition existed as a re-sult of defendant Butler Area School District's:

(a) negligent design, placement and location of streets, sidewalks, crosswalks and pathways;

(b) negligent failure to provide adequate per-sonnel to direct, supervise and control pedestri-an and vehicle traffic on and across the streets, sidewalks, crosswalks and pathways;

(c) negligent failure to provide and maintain adequate signs, crosswalks, lights or other traffic controls; and

(d) failure to exercise reasonable care in its de-sign, maintenance and control of the streets, sidewalks, traffic signs, crosswalks, pathways and traffic controls.

In summary, the main thrusts of the Dorsches' com-plaint are that the school district was negligent with respect to (1) the design and maintenance of its streets, sidewalks, and traffic controls, (2) failure to provide traf-fic controls, and (3) failure to provide "adequate person-nel." Do such averments fall under exceptions to im-munity[1] in 42 Pa. C. S. §8542(4), (6) and (7)?

---

[1] The Dorsches also contend that the averments in their com-plaint could also fall under the real property exception to immunity, 42 Pa. C. S. §8542(3). However, the real property exception is not applicable because the Dorsches failed to aver that a physical defect in the school district's property contributed to the accident. *Ziccardi v. School District of Philadelphia*, 91 Pa. Commonwealth Ct. 595, 599, 498 A.2d 452, 454 (1985).

The exception relating to traffic controls imposes liability on a local agency with respect to:

(4) Trees, traffic controls and street lighting.—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

The streets exception imposes liability on a local agency with respect to:

(6) Streets.—

(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice and could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

The sidewalks exception imposes liability on a local agency with respect to:

(7) Sidewalks.—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the

kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. . . .

The trial court held that, because the Dorsches failed to allege a physical defect in the school district's property, the school district was immune from suit.

Although the trial court correctly stated that a complaint must contain an averment of a physical defect in the property to fall under the *real property* exception to immunity, *Ziccardi,* 91 Pa. Commonwealth Ct. at 599, 498 A.2d at 454, there is no requirement that a complaint must contain an averment that a physical defect was present in order to fall under the *streets* or *sidewalks* exception to immunity, where defective design is alleged.

Although this court refused to impose liability on a school district with respect to its sidewalk in *Ziccardi* because there was no averment of a physical defect in the sidewalk, we note that *Ziccardi* also lacked any averments regarding the design or maintenance of the sidewalk. Hence, *Ziccardi* is not controlling here, where defective design has been alleged.

In *Wyke v. Ward,* 81 Pa. Commonwealth Ct. 392, 474 A.2d 375 (1984), this court held that the Commonwealth could be held liable for the dangerous design of a highway under its jurisdiction. The sovereign immunity statute[2] applicable in *Wyke* contained a clause which subjected the Commonwealth to liability for highways under state jurisdiction.

---

[2] Section 5110(a)(4) of The Judicial Code, 42 Pa. C. S. §5110(a)(4), repealed and reenacted in substantially the same form by the Act of October 5, 1980, P.L. 142, 42 Pa. C. S. §8522.

In the final analysis, the determinative legal question here is whether, with respect to the language of the local government immunity statute, "dangerous condition" can include failure as to design or maintenance. Implicit in our holding in *Wyke* was a determination that, with respect to the very similar language of the sovereign immunity statute, "condition" can include design. In *Burns v. City of Philadelphia*, 350 Pa. Superior Ct. 615, 504 A.2d 1321 (1986), the Superior Court recognized that the design of a street feature, although deliberately planned, could nevertheless be a defect related to injury causation, that is, a dangerous condition. In addition, a dangerous condition of streets or sidewalks conceivably can result from failure as to adequate maintenance.

However, the Dorsches also aver that the school district failed to provide "adequate personnel to direct, supervise and control pedestrian and vehicle traffic" on its property. Because this court has repeatedly held that averments regarding the supervision of students do not fall within the scope of care, custody and control of real property, *Robson v. Penn Hills School District*, 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981), those "adequate personnel" averments do not fall within the real property exception to immunity.

Additionally, the averments regarding the school district's failure to provide traffic controls cannot constitute a "dangerous condition." Logically, there can be no "dangerous condition" of that which is nonexistent.

Nevertheless, because a genuine factual controversy remains as to whether design or maintenance failure created any "dangerous condition", the school district's defense of immunity from suit cannot be viewed as apparent on the face of the complaint. Therefore, the trial

court erred in dismissing the school district from this action on preliminary objections.[3]

Accordingly, we must reverse the common pleas court order sustaining the school district's preliminary objections, and we remand this case to that court for further proceedings.

## ORDER

Now, April 29, 1987, the order of the Court of Common Pleas of Butler County, at No. A.D. 85-592, dated April 29, 1986, is reversed and that case is remanded for further proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____

[3] Our holding here does not preclude the parties from pursuing a motion for summary judgment under Pa. R.C.P. No. 1035 once a record is developed through the filing of additional pleadings, depositions, answers to interrogatories, admissions and affidavits.