# Watkins v. Hill

*Milton J. Frank*, for plaintiff.
*Shirley M. Coleman*, for City of Philadelphia.
*Lynn S. Palenscar*, for National Environmental Control Corporation.
*William J. McKinley Jr.*, for Al's Remodeling.

D'ALESSANDRO, *J.*, October 21, 1988—Before the court are the preliminary objections to plaintiff's complaint filed by defendant City of Philadelphia. The objections are in the nature of a demurrer. Plaintiff Ethel Watkins commenced this action by filing a complaint against the city on June 20, 1988. The complaint alleges that Ms. Watkins suffered personal injuries when she was caused to slip and fall due to the existence of debris and/or pieces of concrete located on the sidewalk adjacent to 7427 Andrews Avenue, Philadelphia. Plaintiff also alleges that the adjacent property was owned by defendants George E. Hill and Rosemary M. Hill and that the

debris and/or pieces of concrete were on the sidewalk as a result of construction work being performed by defendants National Environmental Control Corporation and/or Al's Remodeling.

In determining whether the above-stated factual averments are sufficient to state a cause of action, all doubts must be resolved in favor of the sufficiency of the complaint. *Slaybaugh v. Newman,* 330 Pa. Super. 216, 479 A.2d 517 (1984), A demurrer will be sustained only where the complaint demonstrates with certainty that under the facts averred within, the law will not permit a recovery. *Cianfrani v. Commonwealth, State Retirement Board,* 505 Pa. 294, 479 A.2d 468 (1984). If any theory of law will support the claim raised by the complaint, dismissal is improper. *Alumni Assn. v. Sullivan,* 369 Pa. Super. 596, 535 A.2d 1095 (1987).

The city maintains that it is immune from liability pursuant to the Political Subdivision Tort Claims Act, 42 Pa. C.S. §8501 et seq. Section 8541 states the general rule regarding governmental immunity:

"§8541 Governmental immunity generally —

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

Plaintiffs, however, contend that their cause of action against the city falls under the section 8542(b)(7) exception to immunity. This section states:

"§8542. Exceptions to governmental immunity —

"(b) *Acts which may impose liability*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(7) *Sidewalks*—A dangerous condition *of* sidewalk within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable." (emphasis supplied)

Based upon the above-cited authority, and in light of the undisputed facts of this case, it is clear, beyond peradventure, that the city's demurrer must be sustained. This is so, because, as Judge DiBona of this court so eloquently opined:

"The act, as well as Pennsylvania case law, distinguishes between dangerous conditions *of* sidewalks and dangerous condition *on* sidewalks. While the act specifically speaks of 'a dangerous condition *of* sidewalks . . .' Pennsylvania courts have denied plaintiff relief holding that even though the alleged dangerous condition may have existed *on* the sidewalk, it was not a dangerous condition *of* the sidewalk. *Ambacher v. Penrose and City of Philadelphia,* 92 Pa. Commw. 401, 499 A.2d 716 (1985) (city not liable under section 8542(b)(7) where plaintiff tripped and fell on a fence which had fallen *on* the sidewalk from an adjacent property); *Ziccardi v. School District of Philadelphia,* 91 Pa. Commw. 595, 498 A.2d 452 (1985) (city not liable

under section 8542 (b)(7) where plaintiff fails to allege a physical defect *of* the sidewalk which caused the injuries sustained)." *Kanchon v. Kessler*, C.P. of Phila. July term, 1983, no. 5787, at 3.

Clearly the above-stated language applies in the case at bar where it is alleged that plaintiff's injuries resulted from debris *on* the sidewalk. Therefore, an order will be entered dismissing plaintiff's complaint solely as it relates to the city.